JOHN G. CRABTREE, Appellant, *v.* JOSEPH WELLES, Appellee.

APPEAL FROM WASHINGTON.

One who advances money in part payment of a parol contract for the purchase of land, cannot recover it back until he has offered to fulfill on his part, and the other party has repudiated the contract.

An amount not due, claimed as a set-off to a former suit, and not allowed, may, after it becomes due, be recovered.

WELLES and his wife had *verbally* contracted with Crabtree to sell him a piece of land for one hundred and fifty dollars; fifty dollars was paid at the time of the bargain, and Crabtree was to have a deed when he should pay the other one hundred dol-

lars. Crabtree tendered the remaining one hundred dollars, but Welles refused to make the conveyance. But prior to the tender of the one hundred dollars, Welles sued Crabtree before a justice of the peace for a debt due him from Crabtree, when the latter attempted to set off against the claim the fifty dollars advanced for the land, but this set-off was not allowed. Crabtree, after having made the tender of the one hundred dollars, as the price of the land, which was refused by Welles, brought an action to recover back the fifty dollars originally advanced. On the trial of the suit for the recovery of this sum, it was attempted to defeat the recovery by showing that a set-off had been attempted in the first suit between the parties, and before the tender of the one hundred dollars. The Circuit Court, BREESE, Justice, presiding, gave judgment, upon the finding of the jury, for fifty dollars, whereupon Crabtree prayed an appeal.

A. WATTS, for Appellant.

P. E. HOSMER, for Appellee.

CATON, C. J. The law is, that one who advances money in part payment of a parol purchase of land, cannot recover it back, till he has offered to fulfill the parol agreement, and the other party has repudiated it by refusing to perform.

If he repudiates it himself, without the default of the other party, he must lose what he has paid. Such parol agreement is not absolutely void, but is only voidable, and is binding on both parties, and may be enforced either in a court of law or equity, unless the statute of frauds be interposed, to relieve the party from his obligations under it. If a party who receives money or its equivalent, under such parol contract, afterwards repudiates it, the law will raise an assumpsit on his part to refund the payment recovered; for he shall not return the money under the contract, while he denies his obligations to perform it, but until he refuses to perform it the law will not imply a promise to refund the payment received under it. Welles, therefore, had no cause of action against Crabtree for the fifty dollars which he had paid him on the parol agreement, until after he had placed himself in a proper position by demanding of Crabtree that he go on and perform the parol agreement upon tendering him the remaining hundred dollars, and Crabtree had thereupon refused to comply. The law cannot presume a promise to refund that money till such refusal has taken place, and, till then, no cause of action existed in favor of Welles against Crabtree on account of that advance. At the time of the trial of the

former cause, which was relied upon as a bar to this action, Welles had not made the tender of the last payment, and Crabtree had not repudiated the parol agreement, so that no liability then existed against him to refund the fifty dollars. The question, then, is, whether his attempt to bring in and recover it back on the trial of the former action between the same parties, is a bar to this action. On this point there ought not to be any doubt or controversy. At the time of that trial, the money was not due, and for that reason he could not then recover it. The account then presented was, or must be presumed to be, for fifty dollars, then claimed to be due, which he did not and could not prove. This is for fifty dollars not then due, but which has since become due, and, consequently, could not be barred by anything that was then due. Suppose on the former trial, Welles had filed, as a set-off, a note executed by Crabtree to him for fifty dollars, which, upon its face, was not due till thirty days thereafter, could it be pretended that the abortive attempt to set it off on the former trial would be a bar to an action upon the note instituted after its maturity? The statement of the proposition is enough to illustrate the utter fallacy of this whole defense. The Circuit Court decided properly, and the judgment must be affirmed.

*Judgment affirmed.*