## WILLIAM MACK v. DAVID M. BRAGG.

### Contract.

Though a parole entire contract of service, which is within the statute of frauds in regard to the time of the performance, can not be enforced by a suit, yet, if the party rendering the service, without cause and against the will of the other party, abandon the contract before the expiration of the time contemplated thereby, he can not recover for the service which he has actually performed.

BOOK ACCOUNT. The auditors reported the following facts: On the 19th of June, 1852, the son of the plaintiff, then about six-

teen years old, under a parol agreement made that day between the plaintiff and the defendant, and with the approbation of the son, went to live with the defendant until he should be twenty-one years old, the defendant agreeing to give him three months schooling each year, to clothe and support him in sickness and health, and at the expiration of his minority, to give him two suits of clothes, and pay him one hundred dollars. The plaintiff's son lived with the defendant until about the 25th of May, 1853, when he left his service without cause and against the defendant's wishes, and returned to his father. The plaintiff charged, and sought to recover of the defendant the sum of fifty dollars for his son's labor under these circumstances.

The county court,—BARRETT, J., presiding,— rendered judgment for the defendant. Exceptions by the plaintiff.

*A. Howard, Jr.,* for the plaintiff.

*Wm. Hebard* and *B. Martin,* for the defendant.

The opinion of the court was delivered by

POLAND, J. The judgment below, upon the facts reported, was clearly right. The contract between the plaintiff and the defendant for the plaintiff's son to live with, and in the service of the defendant, until he was twenty-one years of age, was one of that class of contracts which by numerous cases have been held to be *entire,* and it is well settled that no action can be sustained for part performance of them, unless the contract has been ended by the other party in some way, or its fulfilment prevented by sickness, or other cause than the fault of the party seeking to recover. The auditors find that the plaintiff's son lived with the defendant nearly a year, when he left his service, without cause, and against the defendant's will. But the plaintiff claims that he can recover, because the contract, not being to be performed within a year, was within the statute of frauds, and could not have been enforced by suit. But such contracts are not made *void* by the statute, and so far as they have been performed, are as binding as if in writing, and in no case has a party who has performed services, or paid money, under such a contract, been permitted to recover back his payment or part performance, when he himself

had broken off the contract, and the other party was willing to perform on his part.

The case of *Philbrook* v. *Belknap*, 6 Vt. 383, was exactly the case at bar, and has been followed in all subsequent cases where the question has arisen. The same principle has been equally applied to contracts for the sale, or letting of real estate, which are within the statute, and rest wholly in *parol*; *Shaw* v. *Shaw*, 6 Vt. 69 ; *Hawley* v. *Moody*, 24 Vt. 603.

Cases almost without number might be cited where the same has been held in both classes of contracts in this state, and in the other states, and in England.

The judgment of the county court is affirmed.