HORATIO N. PLUMMER *& als.*, *versus* JAMES L. BUCKNAM.

A verbal contract for the sale of land is void.

At the time of making such a contract, the purchaser paid fifty dollars in part performance and afterwards terminated the contract, notified the seller of that fact and demanded the repayment of the fifty dollars : — *Held*, that the money could not be recovered back.

ON REPORT.

ASSUMPSIT to recover back money paid on a verbal contract for the purchase and sale of a lot of land.

After the evidence was all in, the case was continued on report, the full Court to draw such inferences as a jury might, and to enter judgment by nonsuit or default as the law should require.

*J. A. Milliken,* for the plaintiffs, cited

*Richardson* v. *Allen,* 17 Maine, 296; *Gammon* v. *Butler,* 48 Maine, 344; *Coughlin* v. *Knowles,* 7 Met., 57; *Parker* v. *Parker,* 1 Gray, 409.

*G. Walker,* for the defendant.

APPLETON, C. J.—The plaintiffs contracted with the defendant to purchase of him a lot of land. The bargain was by parol and within the statute of frauds. The plaintiffs paid fifty dollars in part performance, when the bargain was made. Afterwards the plaintiffs terminated the contract, notified the defendant of that fact and demanded the fifty dollars paid, which the defendant refused.

A verbal contract for the sale of lands is void. If a parol contract is made, and fulfilled on the part of the purchaser, and the seller is ready and willing to perform his agreement, no action can be maintained to recover back payments. But, if the seller refuses to perform the contract, the other party not being in fault can recover the payments he has made. *Kneeland* v. *Fuller,* 51 Maine, 518. Here the plaintiffs voluntarily ended the contract,—since which time there has been no new agreement. "It would be an alarming doctrine," remarks SPENCER, J., in *Ketchum* v. *Evertson,* 13 Johns., 359, a similar case to the one under consideration, "to hold that the plaintiffs might violate their contract, and, because they chose to do so, make their own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain, and has advanced money upon it, would have the same right to recover it back that the plaintiffs have." When the non-perform-

ance is on the part of the plaintiff, he cannot recover payments already made, the defendant not being in fault. *Rounds* v. *Baxter*, 4 Greenl., 454; *Smith* v. *Haynes*, 9 Greenl., 128.            *Plaintiff nonsuit.*

CUTTING, KENT, DICKERSON and DANFORTH, JJ., concurred.