EDWARD MCDONALD, plaintiff in error, *vs.* HENRY O. BEALL, defendant in error.

1. Where an action of complaint on open account was instituted, it was competent for the plaintiff to amend by adding a count alleging that the defendant was indebted to him for money paid to said defendant under a parol contract for the purchase of certain property, from the possession of which he had been ejected under paramount title ; that the contract was consequently rescinded, and therefore he was entitled to recover the amount paid as aforesaid.

2. To have entitled the plaintiff to recover money paid to the defendant under a parol contract of purchase, on the ground that he had the right to treat the contract as rescinded. it was incumbent upon him to have shown at the trial either that he had been actually ejected from the possession of the property by a title paramount to that of the defendant, or such paramount title as in judgment of law would have amounted to an eviction.

Amendment. Contracts. Warranty. Vendor and purchaser. Before Judge STROZER. Randolph Superior Court. May Term, 1874.

For the facts of this case, see the decision.

H. & I. L. FIELDER, for plaintiff in error.

McDonald *vs.* Beall.

A. Hood, for defendant.

Warner, Chief Justice.

The plaintiff brought an action against the defendant on an open account, in the statutory form, for the sum of $1,738 29, with a bill of particulars thereto attached. The defendant filed a plea in the nature of an equitable set-off, in which he alleged that the several items charged in plaintiff's account were paid by him, and so intended to be paid by plaintiff to defendant, for his half interest in certain described mill property, known as the Davenport mills, and that plaintiff is indebted to him, and prays judgment in his favor for the amount that may be found to be due him. The plaintiff, at the trial, amended his declaration, in which he alleged the defendant was indebted to him the sum of $1,750 00 for the one-half interest in the Davenport mill property, which he had purchased of the defendant, and took possession thereof; that he was turned out of possession by paramount title and by sale of the property, by which he was deprived of the title and possession of said property. The defendant demurred to the amended declaration because it introduced a new and distinct cause of action, and because it was not alleged therein that the defendant had warranted the title to the land. The court overruled the demurrer, and the defendant excepted. The case was then tried, and the jury found a verdict for the plaintiff for $1,473 58 with interest. A motion was made for a new trial on the ground that the court overruled the defendant's demurrer to the plaintiff's amended declaration, and on the several other grounds set forth in the motion, all of which were overruled by the court, and the defendant excepted. It appears from the record that the plaintiff offered in evidence, at the trial, a deed from the executors of James Morris to McDonald, the defendant, conveying to him the one undivided half of the Davenport mill property, which deed is dated 15th of November, 1866, recorded in July, 1868; also a deed from the executors of Morris to the plaintiff for one-half interest in

the mill property, dated 15th November, 1866; also a deed made by the United States marshal on the 6th day of December, 1870, to B. J. Smith, to the mill property and other lands, which deed was made by virtue of a sale under a *fi. fa.* issued from the district court for the northern district of Georgia, in favor of Smith Davenport against the executors of James Morris, deceased. The plaintiff testified in his own behalf, that he was in possession of the property about four years, or until the United States marshal's sale. In what manner he was turned out of possession does not appear, but states that he never had possession or control of the property after that time. O. P. Beall states that he was in possession of the property, as agent for H. O. Beall, after his removal in 1869, until the marshal's sale, and remained in possession after that time under an arrangement with Smith, but was no longer tenant of H. O. Beall. The evidence does not show that there ever was any *actual* eviction of H. O. Beall, the plaintiff, from the premises, or of O. P. Beall, as his tenant.

1. The plaintiff's action, as originally brought, was for an unliquidated demand. When the defendant filed his plea, the plaintiff amended his declaration by alleging that the defendant was indebted to him for so much money paid him under a contract for the purchase of certain mill property, of which he took possession; that he had been turned out of the possession thereof by paramount title, and treating the contract as rescinded for that reason, sought to recover back the purchase money he had paid the defendant for the property so purchased. The original cause of action being for an unliquidated demand, and the amendment being also for an unliquidated demand, the two demands embraced in the original declaration and the amended declaration, were germane to each other, and under the liberal construction heretofore given to the statute applicable to such cases by this court, there was no error in overruling the demurrer to the amendment.

2. It appears from the evidence that the plaintiff purchased the mill property from the defendant under a parol contract, went into possession thereof, and has paid the purchase money

McDonald *vs.* Beall.

therefor, but that contract was not fully executed by the defendant's making a deed to the plaintiff for the property.    To entitle the plaintiff to recover back the money which he had paid the defendant for the property, on the ground that he had the right to treat the contract as rescinded, it was incumbent on him to have proved at the trial that he had been actually evicted from the possession of the property by a legal paramount title to that of the defendant, or he should have shown such a legal paramount title to the property as, in the judgment of the law, would have amounted to an eviction. This the plaintiff did not do.    There is no evidence of an *actual* eviction, but, on the contrary, the evidence shows that neither the plaintiff, nor his agent, O. P. Beall, ever has been actually evicted from the possession of the property.    In order to show paramount title to that of defendant, the plaintiff read in evidence a deed from the executors of Morris to defendant, dated 15th of November, 1866, and a deed from the United States marshal to Smith, dated 6th of December, 1870, in which it is recited that the property was sold as the property of the executors of Morris, under a *fi. fa.* issuing from the district court for the northern district of Georgia.    Neither the *fi. fa.* nor the judgment on which it issued, was offered in evidence.    Whether that judgment against the executors of Morris, on which the *fi. fa.* issued, was of older date than the deed from the executors of Morris to the defendant, does not appear.    If the plaintiff relied upon the marshal's deed to Smith to show paramount title and a legal eviction, he should have shown affirmatively that the judgment against the executors of Morris was of older date than their deed conveying the property to the defendant, otherwise that judgment was not a lien upon the land as against the defendant's title. There being no evidence in the record of an actual eviction under legal paramount title, and no evidence of any legal paramount title to that of defendant, which, in judgment of the law, would amount to an eviction, so as to have authorized the plaintiff to treat the contract as rescinded on the ground that the defendant could not make him a title to the

property, and therefore entitle him to sue for and recover back the purchase money paid for the property, we reverse the judgment of the court below in this case and order a new trial. This case appears to have been tried in the court below, and argued here, upon a misconception of the law applicable to the facts as disclosed by the record.

Let the judgment of the court below be reversed.