MICHAEL SENNETT *vs.* JOHN SHEHAN.

November 16, 1880.

**Contract—Concurrent and Dependent Stipulations.**—Plaintiff paid defendant $50, "as and for a part of the purchase price" of a tract of land, which the latter by parol agreed to sell and convey to the former, whenever thereto requested, no time being stated when the balance of the purchase-money was to be paid. *Held*, the payment of such balance and the conveyance of the land were dependent acts, to be concurrently performed, and that plaintiff is not entitled to recover back the partial payment so made, without averring and showing an offer and readiness to perform on his part, as well as a refusal to perform on the part of defendant.

Appeal by defendant from an order of the municipal court of Stillwater, overruling his demurrer to the complaint, which alleges that on or about July 3, 1878, defendant agreed to sell and convey to plaintiff eighty acres of land in Washington county, and to execute and deliver a warranty deed thereof to plaintiff, when requested; that thereupon and relying on such agreement, the plaintiff paid to defendant the sum of $50, as part of the purchase-money of such land; but that, though often requested so to do, the defendant refuses to convey the land according to his agreement, or to return the $50 paid him on account of the purchase-money, for which sum, with interest from July 3, 1878, plaintiff demands judgment.

*L. E. Thompson*, for appellant.

*Gregory & Comfort*, for respondent.

CORNELL, J.   The complaint alleges that the sum of $50, which is sought to be recovered in this action, was paid by plaintiff to defendant "as and for part of the purchase price" of certain land therein described, which it is alleged the defendant agreed by parol to sell and convey to plaintiff whenever the latter should request.   It is not stated what the consideration for the promise to convey was, nor when it was to be paid.   Whatever it was, however, inasmuch as the agreement stated is silent as to the time when the unpaid portion of the purchase-money was to be paid, it must be presumed that the parties intended it to be payable at the same time the land was to be conveyed, for such a construction best accords with the rights and interests of both parties.   *Lester* v. *Jewett*, 11 N. Y. 453, 458.

Thus considered, the payment and the conveyance must be treated as concurrent and dependent acts, to be performed at the same time.   The rule in respect to contracts of that character is that neither party can compel performance by the other, or rescind for non-performance, without first offering and being ready to perform on his part.   This rule applies to all contracts with mutual and dependent covenants or promises, including alike parol contracts, void as such by the statute of frauds, and those not affected by the statute.   *Abbott* v. *Draper*, 4 Denio, 51.   The agreement which the parties entered into in this case was not an illegal one, and therefore incapable of being performed, if they were willing to abide by its terms.   The plaintiff voluntarily paid to defendant the sum which he now seeks to recover, as a partial payment upon this contract, and so long as the defendant is not in default, but is willing and ready to perform on his part, he is not at liberty to rescind the agreement and recall his money, because the statute declares the contract to be void as not being in writing.   *Abbott* v. *Draper, supra.*   Under the agreement, as stated, defendant is under no obligation to convey

until the balance of the purchase-money has been tendered him, and as the complaint contains no averment of a readiness and offer to perform in this regard, on the part of the plaintiff, it shows no cause of action.

The order overruling defendant's demurrer is reversed.