83   463
124   423

No. 9029.

## DAY v. WILSON.

VENDOR AND PURCHASER.—*Statute of Frauds.*—*Conveyance.*—A party to an oral contract for the purchase of real estate can not refuse a conveyance and recover the purchase-money paid.

From the Martin Circuit Court.

*J. T. Rogers* and *F. M. Shirey,* for appellant.
*T. M. Clark* and *E. Moser,* for appellee.

MORRIS, C.—The appellee sued the appellant before a justice of the peace, for money had and received.   The appellant succeeded before the justice.   The appellee appealed to the circuit court, where he obtained a judgment.

The appellant moved for a new trial.   The motion was

overruled, and the appellant appealed to this court, assigning as error the overruling of his motion for a new trial.

The question contested by the parties is thus stated by the appellee:

"Can a party who has paid part of the purchase-money on a verbal contract for the purchase of real estate, refuse to accept a deed and recover back the purchase-money paid?"

Such a contract is not entirely void under our statute of frauds. The party agreeing to convey may, in fulfilment of his contract, convey the land as agreed, and if he offers to do so, it is difficult to see how the purchaser who has advanced money upon such a contract can claim that the consideration upon which the money was advanced has failed, or that it was advanced without consideration. The contract was lawful, one which the parties had a right to make. The statute of frauds does not make it void, but simply declares that no action shall be maintained upon it. The money might pass without writing. The vendor waives the statute, pursuant to the agreement, proposes to convey and tenders the deed stipulated for. He has been at some trouble in preparing the conveyance. It would seem, upon principles of justice and fairness, that, if able and ready to execute the contract on his part, the vendee should not be allowed to withdraw from it and recover back the money advanced upon it.

In the case of *Coughlin* v. *Knowles*, 7 Met. (Mass.) 57, which involves this precise question, DEWEY, J., says: "But it is equally true, that the provisions of the statute are not so broad as to entitle a party, who has entered into an oral contract, by which he is to receive a conveyance of land, and towards payment for which he has made advances in money, to set aside such contract as a nullity, and reclaim the money so advanced, the other party being no way in fault, but being both able and ready to perform his contract, and to make the conveyance in the manner stipulated by the oral agreement. The principle is very well settled, that no such right exists, in the case just supposed, to reclaim the money, upon the ground

that the contract is within the statute of frauds." The court refers to *Lane* v. *Shackford*, 5 N. H. 130; *Duncan* v. *Baird*, 8 Dana, 101; *Shaw* v. *Shaw*, 6 Vt. 69. These cases are in harmony with and fully support the above case. See, also, *Cobb* v. *Hall*, 29 Vt. 510; *Gammon* v. *Butler*, 48 Me. 344; *Abbott* v. *Draper*, 4 Den. 51; *Sims* v. *Hutchins*, 8 Sm. & M. 328.

In the case of *Crabtree* v. *Welles*, 19 Ill. 55, CATON, C. J., says: "The law is, that one who advances money in part payment of a parol purchase of land, can not recover it back, till he has offered to fulfil the parol agreement, and the other party has repudiated it by refusing to perform. If he repudiates it himself, without the default of the other party, he must lose what he has paid. Such parol agreement is not absolutely void, but is only voidable, and is binding on both parties, and may be enforced either in a court of law or equity, unless the statute of frauds be interposed, to relieve the party from his obligations under it."

The precise question here involved has not, we believe, been passed upon in this State. It has been held several times that money advanced upon an oral contract for land may be recovered back, if the vendor refuses or is unable to convey. This is as far as the cases have gone. *Barickman* v. *Kuykendall*, 6 Blackf. 21; *Gaar* v. *Lockridge*, 9 Ind. 92.

In Michigan, money advanced on a verbal contract for the purchase of land may be recovered back at any time before the conveyance of the land, at the option of the party advancing it. In the case of *Scott* v. *Bush*, 26 Mich. 418, the court holds that such oral contracts are void, and that there is no legal or valuable consideration for the money advanced, and that, therefore, it may be recovered back, though the vendor is ready and offering to convey. The New York cases to the contrary of this are sharply criticised by the Michigan court, and held not to rest on any sound legal principle. See, also, to the same effect, *Grimes* v. *Van Vechten*, 20 Mich. 410; *Hall* v. *Soule*, 11 Mich. 494.

The weight of authority is against the rule adopted in Michigan, and is supported, we think, by the better reason. The judgment below should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee. It having been suggested to the court that the appellant has died since the submission of this case, this decision is made as of the date of the submission.