WILLIAM B. McCLURE vs. JOHN N. BRADFORD.

July 9, 1888.

**Purchase on Joint Account—Abandonment of Contract—Money Had and Received.**—B. having negotiated and obtained a contract for the purchase of a tract of land, and paid the first instalment of the purchase price, G. and M., by mutual arrangement with B., became jointly interested therein with him; each having paid him one-third of such instalment. Default was made in the payment of the next instalment, and the contract was thereafter abandoned. It not appearing that B. had denied their interest in the contract, or failed in any duty which he owed them in the premises, *held*, that an action for money had and received could not be maintained against him by G. and M. for their respective shares of the first instalment.

Plaintiff brought this action in the district court for Hennepin county, to recover $268 as money received for his use by defendant. The answer alleged that on March 15, 1887, the defendant contracted in writing to purchase from one Merwin certain described real estate, for $4,000, of which $800 was then paid and the balance was payable at later dates named in the contract; that on March 16, 1887, the defendant, in writing, assigned to plaintiff a one-third interest in the contract, in consideration of a payment of $268 then made, being the same money mentioned in the complaint. In his reply the plaintiff states that his transaction with defendant was not the purchase of a one-third interest in defendant's contract with Merwin, but the purchase of an undivided one-third of the land therein described.

At the trial before *Rea, J.,* and a jury, at the close of the evidence, the court ordered a dismissal. The plaintiff appeals from an order refusing a new trial.

*Wm. B. McIntyre,* for appellant.

*Brooks & Hendrix,* for respondent.

VANDERBURGH, J. This action for money had and received cannot, we think, be sustained upon the evidence in the case. We think the court was right in holding that, by the mutual agreement of the

parties, the plaintiff was to become jointly interested in the contract which defendant had entered into for the purchase of the lands described in the answer. The plaintiff accordingly paid over to the defendant the amount sued for, as his part of the cash payment made. Subsequently the parties made default in the payment of the next instalment due, and the contract seems to have been abandoned. If the defendant had denied plaintiff's interest, and refused to recognize him as a party to the contract, or to assign his interest to him in order that he might protect himself, he being ready to perform on his part, so that plaintiff's loss might thus be attributed to the defendant, the action might have been maintained. But such are not the facts as we understand the testimony. In *Johnson* v. *Krassin,* 25 Minn. 117, a contract for the sale of lands had been taken in the name of the defendant, the purchase-money having been paid by the plaintiff, and the defendant had agreed to assign the same to plaintiff, which he afterwards refused to do, and an action by plaintiff for money paid to his use was sustained. In *Sennett* v. *Shehan,* 27 Minn. 328, (7 N. W. Rep. 266,) there was a parol contract for the sale of land upon which plaintiff had made a payment. *Held,* that the money so paid could not be recovered back, so long as the defendant, vendor, was not in default, and was willing to comply with the terms of the contract on his part. So, also, in *McKinney* v. *Harvie,* 38 Minn. 18, (35 N. W. Rep. 668,) under a similar parol land contract, the vendee was in default, and the vendor was not, and it was determined that the former could not recover back the instalment paid. In this case it is sufficiently evident, we think, that the purchase in question was made (rashly, perhaps) upon speculation, and the parties were disappointed in their expectations. It was, in our opinion, by the mutual arrangement of the parties, a joint venture; and we are unable to discover any good reason, apparent upon the record, why either should be entitled to recover his share from the other.

Order affirmed.