## Brockhausen and Fischer v. Bowes, Jr., et al.

1. CONTRACTS—*Parol, for the Purchase of Real Estate—Recovery of Deposit.*—Where a person entered into a parol contract to buy certain real estate, and deposited $100 as earnest money, *it was held,* that he could not recover the same back unless he was willing to consummate the bargain made, and the other party unwilling.

**Memorandum.**—Assumpsit for money had and received. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1892. Opinion filed February 14, 1893.

### STATEMENT OF THE CASE.

This was an action for the recovery of $100, part payment of a parol purchase of three lots at $1,300 each, in block 4, Austin Heights, Chicago. Judgment was rendered in the Circuit Court against the defendants for the $100 and costs, and they appeal.

APPELLANTS' BRIEF, WILLIAM PRENTISS AND ROSS C. HALL, ATTORNEYS FOR APPELLANTS.

Appellants contended that the law is, that one who advances money in part payment of a parol purchase of real estate, can not recover it back until he has offered to fulfill the parol agreement, and the other party has repudiated it by refusing to perform. If he repudiates it himself, without the default of the other party, he must lose what he has paid. Crabtree v. Welles, 19 Ill. 55; Swanzey v. Moore, 22 Ill. 63.

Money paid on a contract invalid by the statute of frauds can be recovered by the party who paid it *only* on a refusal of a specific performance of his contract by the party receiving the money, or an inability on his part to perform it, or a mutual abandonment of the contract. 2 Chitty on Contracts (11 Am. Ed.), 928, and note; Bishop on Contracts, Sec. 1236, and note.

APPELLEES' BRIEF, WOOLFOLK & BROWNING, ATTORNEYS.

Appellees contended that a forfeiture can be enforced only when an authority shown, and then the terms of the authority must be strictly complied with. Warvelle on Vendors, 818; Palmer v. Ford, 70 Ill. 369.

Forfeitures are abhorrent and are not favored in the law. A party claiming a forfeiture must make clear proof that he is entitled to it. Any reasonable construction of a contract that will prevent forfeiture, will be made by the court. Hartford Insurance Co. v. Walsh, 54 Ill. 164; Voris v. Renshaw, 49 Ill. 426; Palmer v. Ford, 70 Ill. 369–377.

OPINION OF THE COURT, GARY, P. J.

The parties on both sides of this case are real estate brokers, and in their dealings with each other acted in behalf of undisclosed principals. The appellees contracted by parol to buy of the appellants some lots numbered 8, 9 and 10, and forgetting what they had bought and rejecting all overtures from the appellants to carry out the contract they made, sued for a deposit of $100 they had made with the appellants. The appellees insisted upon lots numbered 6 and 7 instead of 9 and 10. No demand for the return of the money was made before suit. Whether any objections could or can be made to the title which the appellants could not or can not remove, is not a question now. When the appellees are willing to consummate the bargain they made, will be time enough for that inquiry. Crabtree v. Welles, 19 Ill. 55; Dulin v. Price, 124 Ill. 76.

Even if the appellants are to be treated only as stakeholders of the money for their principals, the appellees are in no better position. 2 Chitty on Contracts, 919.

On the case made the appellees were not entitled to recover, and the judgment is reversed and the cause remanded.