## FLANAGAN v. FOX.

(City Court of New York, General Term.  October 20, 1893.)

VENDOR AND PURCHASER—STIPULATIONS FOR TITLE.
    Plaintiff agreed to deliver to defendant a full-covenant, warranty deed, for the conveying and assuring to the vendee the absolute fee of said premises.  *Held*, that the title need not have been in plaintiff's name when he made the contract, if, at the time for closing it, he was ready to transfer a good and valid title and deed.

Appeal from trial term.

Action by James Flanagan, executor of Catherine Flanagan, against Patrick Fox, for damages for breach of contract.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

Argued before EHRLICH, C. J., and NEWBURGER and McCARTHY, JJ.

J. Baldwin Hands, for appellant.
John W. Konvalinka, for respondent.

McCARTHY, J.   The effect of the contract of sale of property in question has been fully gone into and disposed of by this court in the case reported 23 N. Y. Supp. 344.   The question, then, is, were the objections made to title by the title guaranty and trust company valid, and were they justified in rejecting the same?   It is not essential that, at the time of the making of the contract, the title should be in the vendor's name, if at the time of the closing of the contract he was prepared to transfer a good and valid title and deed, in accordance with the stipulations of the contract. From an examination of the evidence in this case, we think the trial judge was correct in granting the motion to dismiss the complaint, and that the objections made by the title guaranty and trust company are without legal merit, and form no objection, in law, to the title offered by the defendant.   Judgment should therefore be affirmed, with costs.   All concur.