## SCHECHINGER v. GAULT *et al.*

### No. 1929. Opinion Filed February 11, 1913.

#### (130 Pac. 305.)

1. **FRAUDS, STATUTE OF**—Agreements Relating to Realty—Appointment of Agent.. An agreement for the sale of real property, or of an interest therein, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, and subscribed by the party sought to be charged.

2. **SAME**—Operation and Effect of Statute. If a promisor or vendor is ready and willing to perform and carry out the sale of the land in accordance with his parol agreement, he cannot, as a rule, be compelled to give up or pay for the consideration received, on the sole ground that the agreement is invalid because of the statute of frauds, and cannot be compelled to perform.

3. **VENDOR AND PURCHASER**—Rescission of Contract—Grounds —Fraud. As a rule, one who has entered into a contract to purchase realty under the influence of fraudulent representations of the seller may rescind the contract and recover the purchase money if paid, or avoid its payment, if unpaid.

4. **SAME**—Remedies of Purchaser—Recovery of Purchase Money Paid.. A petition, which alleges that G., the agent, represented to S., the vendee, that M., the vendor and principal, was the absolute owner in fee of the realty; that he (G.) as agent of said M. had full and complete authority to make and enter into a contract for said sale; that S. relied upon said representations made by G., the agent, and, believing them to be true, signed said agreement, and in accordance with its terms drew a draft on the Bank of P. for $1,000, which was honored and transmitted to F. bank for G., as agent of the vendor; that afterwards plaintiff ascertained that M. was not the owner in fee of said land, but the title was vested in M. and his wife, the said premises being then and there the homestead of said M. and his wife, and that G. was not the agent of said M., nor had he ever had authority to make the contract of sale of said premises on

behalf of the wife of said M.; that thereafter the wife of said M. notified plaintiff, both by word of mouth and letter, that she had never consented to the sale of said premises, the same being her homestead, and that she never would do so, and that she would refuse to sign any deed or contract affecting the same, or for the sale thereof; that plaintiff then notified the defendants that he refused to be longer bound by the agreement and thereby rescinded the same—held to state a cause of action for the recovery of said sum of money.

(Syllabus by the Court.)

*Error from District Court, Canadian County; John J. Carney, Judge.*

Action by Martin Schechinger against F. M. Gault and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with instructions.

*C. F. Dyer* and *Geo. S. Pearl,* for plaintiff in error.

*Wm. O. Woolman,* for defendants in error.

WILLIAMS, J. Plaintiff in error, as plaintiff, sued the defendants in error, as defendants, in the district court, declaring on a certain contract entered into with J. D. Miller, by F. M. Gault, agent, which is in words and figures as follows:

"Whereas, the party of the first part has sold and agrees to convey to the party of the second part the following real estate, to wit: N. E. ¼, sec. 6, T. 13, R. 10; also the land south of the Rock Island R. R. in the N. W. ¼, sec. 5 T. 13, R. 10, for the sum of $13,500 and payable as follows: $1,000 cash in hand to be placed in the First National Bank, of Geary, Oklahoma, with the deed and abstract and the same to show a perfect title, the balance of said money to be paid as follows, $5,000 Jan. 1st, 1909, and the balance $7,500 on the 1st day of March, 1909. Accept (except) the right of way through the N. E. ¼, sec. 6, T. 13, R. 10, now used by the R. R. Co. Party of the second part is to have possession of the land on January 1, 1909, the loose wire now on the fence not stretched is to remain in place, and the party of the second part is to have three ricks of alfalfa hay now on the farm, and the party of the second part is to have the privilege of cutting the alfalfa now growing on the farm; also he has the privilege of plowing the wheat and oats ground."

In said contract J. D. Miller is designated as party of the first part, and Martin Schechinger as party of the second part.

Defendants each demur to the petition, on the ground that it does not state facts sufficient to constitute a cause of action. Each of said demurrers was sustained by the trial court, and judgment rendered in favor of the defendants.

As a rule, under the original statute of frauds it is not necessary that an agent should be authorized in writing to sign written contracts for the sale of land, or memorandum of an oral agreement for such sale. 20 Cyc. 277; *Ledbeter v. Walker,* 31 Ala. 175. In many jurisdictions, however, the Legislatures have specifically provided that the agent must be authorized in writing in order to make a binding contract or memorandum. Section 1089, Comp. Laws 1909, par. 5; section 847, St. Okla. 1893; 20 Cyc. 276. It has been held that it is immaterial whether the agent's authority was in writing, if the principal, with full knowledge of the sale and the terms and conditions thereof, ratified the same in writing. *Butman v. Butman,* 213 Ill. 104, 72 N. E. 821. In Michigan it has been held that the authority of an agent to execute a written contract for the purchase of lands may be shown by an oral ratification. *Hammond v. Hannin,* 21 Mich. 374, 4 Am. Rep. 490.

Under the allegations of the petition, which are admitted to be true by the demurrer interposed by the defendants in error, the contract for the sale of the land having been executed by the vendor through an agent, who was not authorized thereto in writing, the same was void as in contravention of the statute of frauds; the vendee not having gone into possession of such premises. Section 1089, Comp. Laws 1909; section 847, St. Okla. 1890; *Halsell et al. v. Renfrow et al.,* 14 Okla. 674, 78 Pac. 118. But that fact does not necessarily entitle the vendee to recover the partial payment. If a promisor or vendor is ready and willing to perform and carry out the sale of land in accordance with his oral agreement, he cannot be compelled to give up or pay for the consideration received, on the sole ground that he could not be compelled to perform. *Venable v. Brown,* 31 Ark. 564; *McDonald v. Beall,* 52 Ga. 576; *Day v. Wilson,* 83 Ind. 463, 43 Am. Rep. 76; *Crabtree v. Welles,* 19 Ill. 55; *Brockhausen & Fischer v. Bowles, Jr., et al.,* 50 Ill. App. 98; *Duncan v. Baird*

& Co., 8 Dana (Ky.) 101; *Nelson v. Forgery*, 27 Ky. (4 J. J. Marsh.) 569; *Dougherty's Administrator v. Goggin*, 1 J. J. Marsh. (Ky.) 374; *Plummer v. Bucknam*, 55 Me. 105; *Riley v. Williams et ux.*, 123 Mass. 506; *Coughlin v. Knowles*, 48 Mass. (7 Metc.) 57, 39 Am. Dec. 759; *Sims v. Hutchins*, 8 Smedes & M. (Miss.) 328, 47 Am. Dec. 90; *Sennett v. Shehan*, 27 Minn. 328, 7 N. W. 266; *La Du-King Mfg. Co. v. La Du*, 36 Minn. 473, 31 N. W. 938; *McClure v. Bradford*, 39 Minn. 118, 38 N. W. 753; *Keystone Iron Co. v. Logan et al.*, 55 Minn. 537, 57 N. W. 156; *Perkins v. Allnutt*, 130 Pac. (Mont.) 1; *Collier v. Coates*, 17 Barb. (N. Y.) 471; *Dowdle v. Camp*, 12 Johns. (N. Y.) 451; *Ketchum & Sweet v. Evertson*, 13 Johns. (N. Y.) 359, 7 Am. Dec. 384; *Abbott v. Draper*, 4 Denio (N. Y.) 51; *Lane v. Shackford*, 5 N. H. 130; *Green v. N. C. R. Co.*, 77 N. C. 95; *Durham Consolidated Land & Improvement Co. v. Guthrie et al.*, 116 N. C. 381, 21 S. E. 952; *Foust v. Shoffner*, 62 N. C. 242; *Mack v. Bragg*, 30 Vt. 571; *Cobb v. Hall*, 29 Vt. 510, 70 Am. Dec. 432. *Nelson v. Shelby Mfg. & Imp. Co.*, 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116, *Scott v. Bush*, 26 Mich. 418, 12 Am. Rep. 311, *Brown v. Pollard*, 89 Va. 696, 17 S. E. 6, and *McKinnon v. Vollmar*, 75 Wis. 82, 43 N. W. 800, 6 L. R. A. 121, 17 Am. St. Rep. 178, support a rule to the contrary.

This contract, whilst declared by statute to be invalid, is neither illegal nor against good morals nor against the public policy of the state, other than it was not entered into in the manner prescribed by the statute. Obviously what was intended by declaring that such contract should be invalid unless in writing was that the same should not be enforced. For if it was intended in declaring the contract to be invalid on that ground, that it should be void as against public policy, then all parties thereto would be *in pari delicto,* and though the vendor may have been unwilling to convey or perform, yet the vendee still could not recover his partial payment, for the reason that a court of law would grant neither relief, but would leave them as it found them.

· Plaintiff alleged that G. represented to him that M. was the absolute owner in fee of said premises; that he (G.), as agent of said M., had full and complete authority to make and enter into said contract for the sale of said premises, and that said premises were free and clear of and from all former incumbrances; that plaintiff relied upon the representation so made by G., and, believing them to be true, signed said agreement and in accordance with its terms, drew a draft on the Bank of P. for $1,000, which said draft was honored, and the money transmitted to the defendant First National Bank; that thereafter plaintiff ascertained that the said M. was not the owner in fee of said land, but that the title was vested in M. and his wife, the said premises then and there being the homestead of the said M. and his said wife, and that said G. was not the agent of said M., nor had he ever had authority or right to contract for the sale of said premises on behalf of the wife of said M.; that thereafter said wife of the said M. notified plaintiff, both by word of mouth and letter, that she had never consented to the sale of said premises, said premises being her homestead, and that she never would do so, and that she would refuse to sign any deed or contract affecting the same or for the sale thereof; that thereafter plaintiff notified defendant G. that he refused to be longer bound by the agreement, and rescinded the same; that after said notice was served he demanded of G. the return of the said $1,000, which was refused.  By the demurrer these allegations were admitted to be true.

In *Harris et al. v. Carter's Adm'rs et al.*, 3 Stew. (Ala.) 233, it is said:

"It is certainly a correct rule that one who has purchased an estate under the influence of the fraudulent representations of the seller may rescind the contract and recover back the purchase money if paid, or avoid its payment if unpaid; but a purchaser, with knowledge of his vendor's title, cannot object that he had no title at the time of the sale if he afterwards consummate his title before the vendee has performed the conditions on which he is authorized to demand it."

But it seems to be settled by authority and reason that if the contract is made by the vendor in good faith, and he has such

an interest in the subject-matter of the contract, or is so situated, that he can reasonably convey a good title at the proper time, that is sufficient. *Gray v. Smith* (C. C.) 76 Fed. 525; *Burks v. Davies,* 85 Cal. 110, 24 Pac. 613, 20 Am. St. Rep. 213; *Easton v. Montgomery et al.,* 90 Cal. 307, 27 Pac. 280, 25 Am. St. Rep. 123; *Provident Loan & Trust Co. v. McIntosh et al.,* 68 Kan. 452, 75 Pac. 498, 1 Ann. Cas. 906; *Dresel v. Jordan,* 104 Mass. 415; *Boehm v. Wood,* 1 Jac. & Walk. 419; *Salisbury v. Hatcher,* 2 Y. & Col. Ch. 54; *Dutch Church v. Mott,* 7 Paige (N. Y.) 77; *Baldwin v. Salter,* 8 Paige (N. Y.) 473; *Seymour v. Delaney,* 3 Cow. (N. Y.) 445, 15 Am. Dec. 270; *Hepburn v. Dunlop,* 1 Wheat. 179, 4 L. Ed. 65; *Richmond v. Gray,* 3 Allen (Mass.) 25, and cases cited; *Barnard v. Lee,* 97 Mass. 92; *Hazelton v. Le Duc,* 10 App. D. C. 395; *Flanagan v. Fox,* 5 Misc. Rep. 589, 25 N. Y. Supp. 514; 29 Am. & Eng. Encyc. of Law (2d Ed.) 608.

It follows that the trial court committed error in sustaining the demurrer and holding that the petition did not state a cause of action.

The judgment of the lower court is reversed and remanded, with instructions to proceed in accordance with this opinion.

All the Justices concur.