## FRED HOLFORD AND ANOTHER v. JOHN CROWE.[1]

February 2, 1917.

Nos. 20,097—(222).

**Immaterial evidence without prejudice.**

1. In a case tried to the court the admission of immaterial evidence which furnishes no basis for any finding made is not prejudicial error.

**Appeal and error — assignments of error insufficient.**

2. Where the motion for a new trial is based upon several grounds, an assignment of error in this court that the court below erred in denying the motion is too general and presents nothing for decision; likewise, where there are several findings of fact an assignment that the evidence does not sustain the findings does not challenge any finding.

[1]Reported in 161 N. W. 213.

**Verbal agreement to take lease — recovery of money paid — breach of agreement.**

> 3. In this case it appears that three parties made a verbal agreement to rent defendant's farm for five years and to pay annually $800 and furnish him room and board with them. Thereafter and before the commencement of the term, one of the three refused to sign the lease or become a tenant. Prior to such refusal the three parties had paid $400 on the first year's rent. The two parties offered to execute the lease, the one who refused to execute it having assigned his interest to them. Defendant declined to let the farm to the two, but was ready, willing and able to execute a lease with the three as he had agreed. *Held*, the two, the plaintiffs herein, could not recover the $400 paid on the rent.

Action in the district court for Hennepin county to recover $400 for money paid as rent. The case was tried before Steele, J., who at the close of the testimony denied motions for directed verdicts, made findings and ordered judgment in favor of defendant. From an order denying their motion for amended findings or for a new trial, plaintiffs appealed. Affirmed.

*Sam J. Levy,* for appellants.

*N. M. Cronin,* for respondent.

HOLT, J.

The short facts of this case are: Joseph H. Germain, his wife Mary D. Germain, and Fred Holford, in the month of November, 1914, jointly agreed to rent the farm of defendant for the period of five years from the first of March, 1915, for which they were to pay a yearly rent of $800 and furnish defendant room and board in the dwelling house upon said farm. A written lease was to to be prepared and executed by all the parties to the agreement prior to the beginning of the term. Shortly thereafter $400 was paid defendant upon the rent. In February, 1915, defendant was notified by all the parties that Joseph H. Germain refused to sign any lease or go upon the farm as a tenant. The pleadings admit that the other two were willing to proceed with the lease without him. But defendant would execute a lease only with all three parties, as had been agreed. This he offered to do, but the three refused. Thereupon Joseph H. Germain assigned his rights to his wife, and she and Holford

brought this action to recover the $400 paid as rent. The court made findings and ordered judgment for defendant. Plaintiffs moved to amend the findings and for a new trial. The motion was denied and they appeal.

The assignments of error present but few questions for consideration. Two relate to admission of testimony. Over plaintiffs' objection defendant was permitted to show that $360 of the $400 paid was the money of Joseph H. Germain. The answer, while admitting that the $400 was paid by the three parties, specifically denied that plaintiffs had paid the sum. The complaint alleged that the three paid $100, and the two plaintiffs paid $300. Under this state of the pleadings it is doubtful whether the evidence elicited could be of any importance. But granting it erroneously received, we fail to see how plaintiffs were prejudiced, for no finding is based thereon. Mr. Germain was asked what conversation he had with his wife concerning the money paid on the rent. This was objected to as immaterial. An answer was permitted, but, upon plaintiffs' motion, was promptly stricken out as not responsive. It is plain that no prejudicial error can be found in this assignment.

The assignment that the court erred in denying appellants' motion for a new trial is too general to be available, since a number of errors were assigned upon the motion. Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842; Vanderburgh v. City of Minneapolis, 103 Minn. 515, 114 N. W. 1134; 1 Dunnell, Minn. Digest, § 363. There are several distinct findings; hence the assignment of error, "that the findings of the court are not sustained by the evidence and are contrary to law," is entirely insufficient to challenge any one of the findings of fact. Union Cash Register v. John, 49 Minn. 481, 52 N. W. 48; Mahler v. Merchants Nat. Bank, 65 Minn. 37, 67 N. W. 655; City of Owatonna v. Christianson, 83 Minn. 52, 85 N. W. 909; Prosser v. Manley, 122 Minn. 448, 142 N. W. 876.

The only remaining assignment of error is this: "That the court erred in denying the motion of the appellants for amended findings of fact and conclusions of law as prayed for in the motion." The amendments prayed for were to strike out the following findings of fact: "That the defendant had performed his part of said agreement according to the terms of said agreement and was ready, able and willing to make a

written lease until notified by plaintiffs that Joseph H. Germain had refused to perform said agreement with the plaintiffs and had assigned his interest in said verbal agreement to the plaintiffs. That the plaintiffs and Joseph H. Germain were in default in the performance of the verbal agreement on their part on February 12, 1915." No grounds were given in the motion why such findings should be stricken out and we can discover none. The evidence certainly shows that defendant was willing and ready to execute the lease agreed upon with the three who were parties to the agreement. There was no dispute as to the terms of the lease; they had been fully settled and agreed to. The only obstacle was the absolute refusal of one of the lessees to carry out the agreement. He was the associate of plaintiffs, and for his default defendant could not be held responsible.

The only other question is whether the conclusion of law is justified by the findings of fact, for in the motion for a new trial plaintiffs asked to have the conclusions of law amended so as to grant them judgment instead of defendant. This depends on the right of plaintiffs to insist upon a lease without Joseph H. Germain joining in it. Or, in other words, the right of defendant to require Mr. Germain to sign it. The lease being for five years came within the statute of frauds and must be in writing to be valid. But in this state it is settled law that, if one party to a parol agreement, void under the statute, has paid money in performance thereof, such money cannot be recovered back by him when the other party to the agreement has not defaulted but stands ready, willing and able to perform according to the terms thereof. Sennett v. Shehan, 27 Minn. 328, 7 N. W. 266; La Du-King Mnfg. Co. v. La Du, 36 Minn. 473, 31 N. W. 938; McKinney v. Harvie, 38 Minn. 18, 35 N. W. 668, 8 Am. St. 640; McClure v. Bradford, 39 Minn. 118, 38 N. W. 753; Keystone Iron Co. v. Logan, 55 Minn. 537, 57 N. W. 156; and York v. Washburn, 129 Fed. 564, 64 C. C. A. 132, an action to recover back money paid upon an unperformed agreement for the procurement of a mining lease, where the Federal court applied the rule of this state, the contract being made here. The only plausible theory which could be advanced in favor of a recovery in the case at bar is, that the right to the lease was assignable. No doubt a lease is assignable unless its terms provide to the contrary. It is not claimed that any restrictions upon

assignability were to be in this lease. So that had it been executed by Mr. Germain, he could then have assigned his interest to his wife. But this was not a completed lease. Defendant was entitled to Mr. Germain's personal covenant to pay the stipulated rent. For aught that appears, defendant in entering the agreement relied more upon his responsibility than upon that of the other two. The pleadings and findings are to the effect that it was agreed that the three persons with whom defendant contracted were to pay the yearly rent. This must be taken to mean that they would jointly covenant so to do, for such a covenant on the part of a lessee is so common that we would perhaps be bound to assume it as a part of the lease to be executed, were the findings silent on the point. A binding agreement on the part of Mr. Germain could not be had unless he signed the lease. Once given such covenant was of lasting worth; it would personally bind him for the term even if he did assign his interest. 2 Underhill, Law of Landlord & Tenant, § 331, says: "The tenant who does covenant (to pay rent) is bound by the covenant until the end of his term, unless he is sooner released by the landlord, irrespective of the fact that after an entry he assigns his lease and surrenders the premises. In the latter case, as the covenant to pay rent runs with the land, the landlord has a double security, for he may first proceed against the assignee by reason of the privity of estate existing with him, or against the original tenant and assignor upon the latter's covenant to pay rent." In Carley v. Lewis, 24 Ind. 23, the court states: "So the lessor has his election, either to sue the lessee on his covenant reserving rent, or follow the land in the hands of his assignee." This seems to be a well-settled rule, according to Chancellor Kent. Van Rensselaer's Ex'rs. v. Platner's Ex'rs. 2 Johns. Cas. 17. And in Dolph v. White, 12 N. Y. 296, the court remarks: "If the lease contains a covenant to pay rent, and such covenant although not expressed is sometimes implied as from the words yielding and paying, etc., the assignee of the lessee will be liable upon such covenant while he remains tenant. The lessee also remains liable upon all his covenants to the lessor." We do not think Joseph H. Germain's interest in the agreement for the lease should be held assignable, for by so doing defendant would lose Mr. Germain's personal agreement or covenant to pay rent and furnish defendant with room and board. He was plaintiffs' associate and they, and not defendant, must suffer for his default. We

have not here a case where death or illness prevents performance, but simply the change of mind of one through whom plaintiffs claim jointly and in part.

That the hardship is not all upon plaintiffs may be seen from a consideration of what the result might be to defendant, were it held that any one or all of these three persons who agreed to execute the lease could assign their rights to the lease before its execution. As already stated defendant was entitled to select his tenants upon their responsibility on all the covenants and agreements that were to be incorporated in the lease. He was also entitled to select them as to their ability to cultivate and care for the premises properly, and the agreement to furnish him a home and board with the tenants comes near being a personal matter not subject to assignment. The proposition that these parties, or any one of them, could assign their right prior to a lease actually executed to a beggar or one of another race and tongue with whom defendant must enter a lease and take up his abode, does not appeal to us as good law.

The agreement defendant made under which the money was received by him was with three persons jointly, and so long as he was ready to perform according to its terms he was not in default, and neither the three, nor the assignees of any or all of them, can maintain an action to recover the money paid under the agreement.

Order affirmed.