# A. J. MIX v. ROBERT H. DOWNING.[1]

February 14, 1930.

No. 27,698.

*Barrows & Stewart,* for appellant.
*Daggett & Redlund,* for respondent.

OLSEN, C.

Defendant appeals from an order denying his alternative motion for judgment or a new trial. The action is one to recover damages

[1]Reported in 229 N. W. 319.

for personal injuries claimed to have been caused by negligence on the part of the defendant in failing to keep in a reasonably safe condition the cover or covering over a manhole or coal chute in the sidewalk in front of defendant's premises. The case was here on a former appeal and is reported in Mix v. Downing, 176 Minn. 156, 222 N. W. 913. The former decision is hereby referred to for a statement of the facts and of the questions decided on that appeal.

Defendant now assigns as errors that the court erred in denying his motion for a directed verdict at the close of the evidence, in denying his motion for judgment notwithstanding the verdict, and in denying his motion for a new trial.

■ Defendant contends that "plaintiff did not sustain the burden of proving that plaintiff's injuries were caused by any legal negligence on the part of the defendant." The former decision above referred to is the law of this case as to all questions there considered and actually decided, if the evidence is substantially the same. 1 Dunnell, Minn. Dig. (2 ed.) § 398, and cases cited in note 16.

An examination of the record and briefs on the former appeal shows that the question of the sufficiency of the evidence to sustain a finding of negligence on the part of the defendant was directly raised and argued, both on the hearing and on petition for reargument. While the argument there was specially directed to the point that the evidence was insufficient to show that defendant was in possession and control of the sidewalk and manhole in question, it was necessarily held that the evidence was sufficient to go to the jury on the question of defendant's negligence. That decision is based on the holding that the evidence presented was sufficient to go to the jury on that issue as well as on the question of the release.

In the present record the defendant stipulated and agreed that he was the owner and in control of the premises and that he used and controlled the manhole in question at the time of the accident. This removed from controversy any question as to control of the premises. The only other item of new evidence on the issue called to our attention is a general statement given by defendant's agent, on cross-examination under the statute, that they repaired the man-

hole prior to the accident. He did not testify as to the time when made nor give any information as to what was done in the way of repairs. There was evidence to show that the manhole cover and frame wherein it rested were defective and out of repair so that the cover did not fit into the frame and, when stepped upon at a certain place, would tip or tilt and cause the person stepping thereon to fall into the opening; that this condition had existed for several months, and that defendant, through his agent, had sufficient notice and knowledge thereof. The subsequent accident justified the inference or conclusion that the defect had not been remedied. The evidence of negligence was sufficient.

■ Defendant urges that the release given by plaintiff was conclusive, that it covered unknown as well as known injuries, and could not be set aside on the ground of mutual mistake. The question whether the release could be avoided on the ground of mutual mistake was fully argued and considered on the former appeal and was there decided adversely to defendant. The only new evidence on that issue is plaintiff's answer to a question on cross-examination. He was asked:

"And when you were paid that $177 you fully understood, realized you were accepting that in full payment for any damages which might at any time flow or result from this accident?" He answered: "I did."

The release was to the same effect and released defendant "from any and all actions, causes of action, claims and demands for, upon, or by reason of any damage, loss or injury, which heretofore have been or which hereafter may be sustained by me in consequence of" the accident in question. The testimony amounts to no more than an admission by plaintiff that he understood the terms and language of the release, a fact which he at no time had denied. The evidence on the last trial is not substantially or materially different on this issue than that considered on the former appeal, and the prior decision now controls.

■ At the time the release was given defendant paid plaintiff the sum of $177. In its charge the court did not direct the jury to deduct that sum from the amount of damages they found plaintiff had sustained. There was no request to charge on the subject. The attention of the court was not called thereto, and no exception was taken to the charge on that ground. The failure of the court to direct the jury to make such deduction is assigned as error in the motion for a new trial. In the assignments of error in this court however no such assignment is made. The general assignment that the court erred in denying defendant's motion for a new trial, without further specification and without any reference to the record, is too general and insufficient where the motion for a new trial was made on several distinct grounds. Holford v. Crowe, 136 Minn. 20, 161 N. W. 213. In its discretion this court may consider material errors, even if insufficiently assigned or not assigned. Defendant concedes that all he could ask here on this point would be a conditional reduction of the verdict. The facts as to this payment were fully shown to the jury. The verdict is not excessive, and in view of the record and the history of the case we do not feel called upon to disturb the verdict on this ground.

Order affirmed.