FRANCIS ROGERS v. PHILIP H. GROSS and Others.

February 1, 1899.

Nos. 11,425—(108).

Insolvent Corporation—Liability of Stockholders—Amendment of Judgment upon Appeal—Motion by Nonappealing Defendants.

> G. was the promoter of a gas and electric company (a corporation), became its president, and controlled its business affairs. The corporation contained a large number of stockholders, and, prior to issuing certificates of stock, they, with one exception, mutually agreed that for each certificate of stock there should be issued to each shareholder five shares of such stock, which was done accordingly, although this agreement was never acted on by the corporation. G., as president, and the secretary, issued to a large number of stockholders five shares each of this bonus or extra stock. The corporation became insolvent, and the creditors brought suit against it and the different stockholders to enforce their constitutional liability. The trial court found that G. prepared the stock subscription, and signed it for $2,000, but held him liable for $10,000; being a liability, also, on his five shares of the bonus stock. G. appealed to this court, where the decision of the trial court was reversed, and the liability of G. fixed at a sum not exceeding $2,000, and the cause was remanded. Certain other stockholders then moved the trial court to reduce their liability to an amount not exceeding the original shares issued by them, instead of being held on this bonus stock. This motion was granted, and G. appeals. Ruling *held* valid.

Action in the district court for Morrison county to enforce the constitutional liability of stockholders in defendant corporation, People's Gas & Electric Company. The case was tried before Searle, J., who made and filed findings of fact and conclusions of law whereby defendant stockholders were found liable for five times the amount of their original subscriptions. Thereafter on motion of defendant stockholders, except Gross, the court made an order amending its findings and conclusions so as to reduce the liability of said stockholders to the amount of their subscriptions. From a judgment entered pursuant to said amended findings and conclusions, defendant Gross appealed. Affirmed.

*George W. Stewart*, for appellant.

*Lindbergh, Blanchard & Lindbergh, John H. Rhodes* and *E. P. Adams,* for respondents.

BUCK, J.

Upon this appeal there is no settled case, nor a bill of exceptions; hence its determination rests upon the question as to whether the conclusions of law are justified by the findings of fact.

There was a previous appeal to the court, which is reported in 67 Minn. 224, 69 N. W. 894, where Gross, one of these defendants, appealed from an order denying his motion for a new trial; and the case was reversed and remanded, with directions that the trial court amend its conclusions of law so that the judgment against Gross should not exceed $2,000,—the trial court holding that plaintiff was entitled to a judgment against Gross for the sum of $10,-000. This appeal is taken by Gross, as a stockholder and as a creditor, from a judgment, not against himself, but against certain defendants, upon the grounds that the judgment so entered limits the recovery against certain other of the stockholders to one-fifth of the amount of the stock issued to them.

The action is brought to enforce the constitutional liability of the stockholders in defendant corporation. The appellant, Gross, organized the company, and subscribed $2,000 of its capital stock, and the other defendants various smaller sums. For the purpose of bringing about an organization of the company, certain persons signed an agreement to that effect on October 28, 1892; and on the same day they actually signed the articles of incorporation, under the title of the People's Gas & Electric Company, one of the defendants herein, and immediately entered upon, and for some time carried on, the business for which it was created. Gross was the promoter, and took a leading part in organizing the company. Soon after the company was organized, the members of the company, with one exception, made an agreement that each stockholder should receive five shares for each share subscribed and paid for. This on the former appeal was held to be illegal. However, this agreement was never acted upon or accepted by the company; but, after certain debts were contracted, Gross and the secretary of the company issued certificates upon this bonus stock, although

Gross and some others never received any of this stock. Gross even contended that he was not a stockholder at all, although the trial court found him liable for $10,000,—that is, for five times the amount of his original subscription of $2,000,—and each other defendant liable for five times the amount subscribed, with one exception. This court on the former appeal also held the bonus stock void, and modified the judgment against Gross so as to hold him liable only for $2,000.

When the cause was remanded, the defendant Wetzel and others (defendants who were exactly in the same position as to the bonus stock as Gross, except that such stock had been issued to them and not taken) moved the court below to modify the findings of fact and conclusions of law so as to correspond with the rule laid down by this court in the former opinion, viz., so as to reduce their liability to the amount of the original subscription. Neither plaintiff nor any of the defendants or intervenors opposed this motion, except Gross, who claims that the entire liability of the company, as shown by the judgment, is about $7,000, and that the entire amount of the stock liability, as determined, is about $5,000, of which he alleges not all thereof is collectible, so that there will not be assets sufficient to pay all the claims in full, hence that he (Gross) will be obliged to contribute the full amount of his stock, whereas, if the defendants to whom bonus stock was issued were charged for the full amount of this bonus stock, his liability would be materially diminished, and that, therefore, he is an aggrieved party, with the right of appeal.

Assuming that Gross has the right of appeal, we find that he was the appellant on the former appeal, and that he thereby procured a modification of the order of the trial court, when the court ordered judgment against him for $10,000, and reduced the amount to a sum not exceeding $2,000; and now, when the trial court, to whom the cause was remanded, places all of the defendant stockholders upon an equal basis as to other liabilities for debt incurred, he complains of a condition of affairs principally brought about by himself. The plaintiff does not appeal, notwithstanding the great reduction in the amount of the liability of each stockholder. Apparently, he thinks the finding and order in the trial court were

right, and is satisfied. The promoter and moving spirit in the original organization, in having the bonus stock issued, and in the litigation, alone seems to be dissatisfied, not because he says there is injustice in the decision appealed from, but because he is thereby compelled to pay his pro rata share of the indebtedness of the organized company, in regard to whom the trial court very pertinently says:

"That during the entire life of said company said Gross almost exclusively managed and controlled all its business and affairs, and purchased material for it without the knowledge or consent of any of the other defendants, which contracts and purchases were afterwards duly ratified by said company, and during all said time continuously, publicly, openly and notoriously held himself out to the public and to the other stockholders as the president and principal stockholder of said company."

It should be stated that Gross is not only one of the defendants, but is also a claimant against the defendant company. The finding of the trial court and its order in regard to the status of Gross is as follows:

"That defendant P. H. Gross being a judgment debtor herein, and also a claimant, the judgment against Gross herein shall be a lien upon the amount found herein to be due him from the corporation defendant, and said lien shall stand as security for the payment of the judgment against him in favor of plaintiff and the other intervenors. That said Gross shall pay his proportionate share of each assessment made under and by virtue of the judgment to be entered herein, and shall pay each execution which may be issued against him, until so much is paid that the court is fully satisfied that the dividends coming to said Gross on his said claim as a creditor will fully pay the balance due from said Gross on all further assessments or executions against him, and until that time no amount whatever shall be received by said Gross on his claim against said company; and when such sums are paid the court may order the collection of further assessments against said Gross stayed; and on distribution the dividend due him may be set off against the amount still due from him, and, if there is any balance remaining against said Gross, the same shall be paid by him, and execution shall issue therefor; and, if said Gross has overpaid, the surplus shall be returned to him."

The amount of the different claims against the defendants are specifically found by the court, and the amount of liability of each

stockholder is also distinctly and separately found and determined by such court, and the proper relief ordered.

Judgment affirmed.

CANTY, J.

I concur. I am clearly of the opinion that if the appeal had been taken by a creditor who became such without knowing the facts and who came into court with clean hands, he would prevail. As to such a creditor, the bonus stock issued to these respondents was sufficiently issued and accepted. But Gross is not such a creditor. He cannot invoke in his favor the doctrine of estoppel, and, as against him, these respondents have a right to rescind the bonus stock agreement on account of the breach of the agreement on his part; at least, such breach is a good defense as against him, notwithstanding the statute of frauds. See McKinney v. Harvie, 38 Minn. 18, 35 N. W. 668, and McClure v. Bradford, 39 Minn. 118, 38 N. W. 753, where a somewhat analogous principle is laid down.