HATTIE MILLER *vs.* JOHN S. HEALEY *et al.*

JUNE 15, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Statute of Frauds.   Oral Contracts.*

An oral contract for the sale of land is not utterly void by the statute of frauds, and one who advances money on such a contract may recover it back if the other party is unable or unwilling to perform the contract on his part.

*(2) Contracts.*

X entered into an oral contract with defendant for the sale by defendant of two lots of land for $150, a deed for one lot to be delivered to S, and a deed of the other lot to plaintiff.   X sent $75 to defendant through S, and one lot was conveyed to S.   Plaintiff sent to defendant $25 as a payment on the second lot, and X sent defendant $47.50, leaving a balance of $2.50 to complete the transaction.

Later X brought an action against defendant to recover $147.50, and recovered a verdict for $47.50 and execution was satisfied.   Plaintiff later brought suit to recover $72.50 from defendant.   It appeared that at one time plaintiff having been requested by defendant to pay the balance and take a deed of the lot refused to do so, but during the trial of the action of X against defendant, defendant expressed his willingness to accept the payment from plaintiff and deliver the deed, but after X obtained judgment defendant refused to deliver the deed on tender of that amount, by the plaintiff.

*Held,* that defendant could not rely on any prior default on the part of plaintiff, but the recovery by X from defendant having changed the conditions, plaintiff could recover the amount paid by her, from defendant.

*Held,* further, that as plaintiff was not a party to the action by X, did not testify therein and was not present at the trial, although summoned on a previous occasion as a witness, and as it appeared that the verdict of X only covered what he had advanced himself, plaintiff was not estopped from prosecuting her action to the extent of the $25 she advanced.

ASSUMPSIT.   Heard on exceptions of plaintiff and sustained in part.

VINCENT, J.   This is an action of assumpsit brought in the district court of the fifth judicial district to recover the sum of seventy-two dollars and fifty cents which the plaintiff alleges is a balance due to her from the defendants, she having paid that amount to the defendants upon an oral agreement for the sale of a certain lot of land situated in Warren, Rhode Island.

The plaintiff claimed a jury trial on the entry day of the writ in the district court. At the trial in the Superior Court a verdict was directed for the defendants and the case is now before us on the plaintiff's exceptions. These exceptions are to the direction of a verdict for the defendants and the refusal to direct a verdict for the plaintiff for seventy-two dollars and fifty cents.

It appears from the testimony that one Calvin B. Miller, now the husband of the plaintiff, entered into an oral agreement with the defendants whereby the latter became obligated to sell to Miller two lots of land for the sum of one hundred and fifty dollars, payable in weekly instalments of twenty-five dollars, the title to remain in the defendants until the entire sum should be paid when a deed of one lot should be executed and delivered to one Frank Staff and a deed of the other lot to Hattie Collins, now Hattie Miller, the plaintiff, they being the nominees of the said Calvin Miller.

Later, Calvin Miller sent seventy-five dollars to the defendants through Staff,. which seems to have been understood by the parties as payment for one of the lots, and subsequently one lot was accordingly conveyed to Staff by the defendants. The plaintiff also sent to the defendants the sum of twenty-five dollars as a payment upon the second lot and was given a receipt therefor. This receipt was the only one produced at the trial, although there was testimony that Calvin B. Miller sent to the defendants forty-seven dollars and fifty cents more.

The whole amount thus received by the defendants on account of both lots was one hundred and forty-seven dollars and fifty cents, leaving a balance due of two dollars and a half to complete the whole transaction.

On the 18th of August, 1913, Calvin B. Miller brought suit against these defendants to recover the sum of one hundred and forty-seven dollars and fifty cents, alleging that the defendants had broken their contract with him regarding the sale of these lots and therefore he was entitled to recover

back all the money advanced to the defendants, including seventy-five dollars paid by Staff, twenty-five dollars paid by the plaintiff, and forty-seven dollars and fifty cents paid by himself.

Upon a trial of this suit of Calvin B. Miller in the Superior Court the jury returned a verdict for the plaintiff in the sum of forty-seven dollars and fifty cents, that being the amount which he had advanced toward the purchase price of the lots and the only amount for which he produced a receipt. There was no motion for a new trial and no bill of exceptions; the judgment became final and execution was issued and returned fully satisfied. All questions between Calvin B. Miller and these defendants, so far as they concern the recovery of money advanced by him on account of these lots, appear to have been disposed of and are *res adjudicata.* It now remains, however, for us to consider whether or not the plaintiff in the case at bar is entitled to recover the sum of twenty-five dollars which she paid personally and for which she holds a receipt.

The defendants claim that the plaintiff cannot recover because her suit is based upon an oral contract for the sale of land and that she was in default while they were ready and willing and offered to perform their part of the contract.

(1)    This is not an action to enforce an oral contract for the sale of land; to compel a conveyance thereof or to recover damages for the failure of the defendants to perform their contract. An oral contract is not utterly void by the statute of frauds and the person who advances money on such a contract may recover it back if the other party is unable or unwilling to perform the contract on his part. *Coughlin* v. *Knowles,* 7 Metcalf, 57, and cases cited; *Day* v. *Wilson,* 83 Ind. 463; *Plummer* v. *Bucknam,* 55 Me. 105.

The testimony shows that the plaintiff at one time, being asked by the defendant, Ellen Healey, to pay the balance of two dollars and fifty cents and take a deed of the lot, very forcibly expressed herself declaring that she would have nothing further to do with the matter. Taken by itself this

avowal on the part of the plaintiff might be sufficient to defeat her right of action, but later during the trial of the case of Calvin B. Miller against the defendants they publicly, upon the witness stand, expressed their willingness to accept from the plaintiff the sum of two dollars and fifty cents and deliver to her a deed of the lot and the following day the plaintiff tendered said sum to the defendant, Ellen Healey, and demanded the deed of the lot which was refused.

(2) We think that under these conditions the defendants cannot now rely upon any prior default on the part of the plaintiff. The willingness of the defendants to accept the sum of two dollars and a half and give the plaintiff a deed of the remaining lot was expressed by them, prior to the judgment obtained by Miller for forty-seven dollars and fifty cents. After that judgment the amount of two dollars and a half tendered by the plaintiff to complete the transaction was not sufficient to give the defendants the price of the lot as originally agreed upon and the defendants were practically compelled, in the position in which they found themselves, to refuse to give the plaintiff a deed. The recovery by Miller of the amount which he had paid seems to have upset the whole deal so far as the remaining lot was concerned and to have opened the way for the plaintiff to recover the amount which she had paid to the defendants.

The defendants further contend that the plaintiff cannot recover in this action because with full knowledge of the suit of Calvin B. Miller against them, she stood by and permitted said Miller to sue for the sum of one hundred and forty-seven dollars and fifty cents in which amount was included the sum of twenty-five dollars which she had paid, and because further she was present in court to testify in behalf of the plaintiff in that case.

The plaintiff here was not a party to the former suit of Miller; she did not testify as a witness therein and was not present at the trial, although she was summoned as a witness at some previous time when the case was not reached. We cannot say that under the testimony upon this point that

the plaintiff is estopped from prosecuting her suit. Besides it is clear that the amount awarded to Miller in the former suit only covered the sum of forty-seven dollars and fifty cents which he had himself advanced and cannot be deemed to include the twenty-five dollars furnished by the plaintiff. We think that the plaintiff is entitled to recover the sum of twenty-five dollars which she advanced.

The plaintiff's exception to the denial of her motion to direct a verdict in her favor for seventy-two dollars and fifty cents is overruled. The plaintiff's exception to the granting of the defendant's motion to direct a verdict in their favor is sustained.

The defendants may appear before this court on Monday, July 3, 1916, at 10 o'clock A. M., if they shall see fit and show cause, if any they have, why this case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff in the sum of twenty-five dollars.

*Charles H. McKenna*, for plaintiff.
*Cooney & Cahill*, for defendants.
*John J. A. Cooney*, of counsel.