ANDREW STRANDIN v. CHARLES J. SPREITER.[1]

March 19, 1926.

No. 25,166.

**Assignment of error that decision is not supported by evidence insufficient where several findings of fact.**

1. When there are several findings of fact an assignment of error that the decision is not supported by the evidence does not present the question whether any or all of the findings of fact are without support.

**When chattel mortgage of crops for a prohibited season does not invalidate mortgage.**

2. The inclusion in a chattel mortgage of crops for a season prohibited by G. S. 1923, § 8359, does not invalidate such mortgage as to crops for the season thereby permitted.

**Dismissal of complaint of intervener proper.**

3. Under the law and the evidence the court rightly directed the entry of judgment dismissing the complaint of intervener.

Appeal and Error, 3 C. J. p. 1382 n. 17.
Bankruptcy, 7 C. J. p. 147 n. 61 New.
Chattel Mortgages, 11 C. J. p. 469 n. 40.

The plaintiff Strandin brought an action against the defendant Spreiter to recover certain money received by the latter as clerk at a farm auction sale. W. M. Harmer, as trustee in bankruptcy of Oscar Westberg, intervened, claiming the money. The court, Senn J., made findings in favor of the plaintiff and directed judgment against the intervener. He appealed from the order denying his motion for a new trial. Affirmed.

*H. J. Edison,* for appellant.

*C. D. Simpson,* for respondents.

[1]Reported in 208 N. W. 26.

HOLT, J.

Intervener appeals from the order denying his motion for a new trial.

Defendant "clerked" a farm auction sale held September 29, 1922; and plaintiff, claiming $1,632.82 the cash proceeds of such sale, brought this action in the first part of the following December. In the latter part of the month defendant paid over the money to plaintiff, but for some unexplained reason the action was not dismissed of record. With the exception of certain property brought to the auction sale by others under some arrangement with the auctioneer and sold for about $440, the sale was of the 1922 crop raised on the farm by one Oscar Westberg and other property owned by him, all subject to three certain chattel mortgages executed by Westberg to plaintiff, which mortgages were properly filed as follows: One November 4, 1921; one April 4, 1922; and one June 27, 1922. These mortgages were given to secure an indebtedness conceded by intervener of more than the sum realized from the sale of the property in which Westberg had any interest. No other payment has been made upon the said debt to plaintiff, except the above amount realized from the auction sale and paid over by defendant as stated. It also appears without dispute that in 1920 Westberg bought the farm on contract and entered into possession, but early in 1922, finding himself unable to make the payments, the contract was canceled and in consideration of such cancelation he was to have the free use of the farm until March 1, 1923. On December 16, 1922, Westberg was adjudged a bankrupt and thereafter intervener was appointed trustee. In the fall of 1923 the latter served his complaint in intervention, claiming the proceeds of the auction sale as funds belonging to the bankrupt estate.

The assignments of error do not challenge any particular finding of fact. Where there are several findings of fact, an assignment that the decision is not justified by the evidence does not present the question for review whether any or all the findings have support. Holford v. Crowe, 136 Minn. 20, 161 N. W. 213; Dun. Dig. § 361. The assignment "that the decision is contrary to law" we assume,

for the purpose of this case, presents the question whether the findings of fact support the conclusion of law directing judgment that intervener's complaint be dismissed. But the findings that the sale was of property covered by the mortgages which were duly filed in the proper office more than four months prior to the filing of the petition in bankruptcy of the mortgagor dispose of all claims of intervener to any of the proceeds of that property, for the proceeds did not suffice to pay the debt and there was nothing left for the intervener. The mortgages were not shown to be fraudulent as to creditors.

Nothing more need be said. But it may be pointed out that the main reasons urged by intervener for a new trial are not well taken, even had the assignments of error been sufficient. The evidence disclosed that about $700 was realized at this sale for the crops raised on the farm during the season of 1922. The claim is that the $2,000 chattel mortgage filed April 4, 1922, as above stated, was void, because it covered not only the 1922 but the 1923 crop also. Reliance is placed on G. S. 1913, § 6980 (G. S. 1923, § 8359) reading: "Any provision in a mortgage on crops which by its terms shall mortgage or convey any crop to be grown later than during the season beginning May 1 next following the date thereof shall be void, except when the mortgage is given to secure a part or all of the purchase price or rent of the land upon which such crop is to be grown, but such provision shall not affect the validity of any other stipulation or provision of the mortgage." Not only the opening clause, but the proviso of the section, makes it clear that pains were taken to invalidate only that part of a chattel mortgage which offended, leaving the rest in effect. The mortgage attacked was the one securing a debt of $2,000, executed March 30, 1922, and duly filed April 4, 1922, upon "all crops of every name, nature and description which have been or may be hereafter sown, grown, planted, cultivated or harvested during the year A. D. 1922-23," on the farm mentioned, describing it. Of course under the statute quoted the mortgage was perfectly valid as to the crops raised during the season of 1922, and those were the only crops sold at this auction sale and the proceeds of which were paid over to plaintiff.

· As we read the record, the $414.38 received by defendant, and of which $119 still remain in his hands, was from property sold for others than Westberg under some arrangement with the auctioneer, such property never having been owned or in possession of Westberg. The burden was upon intervener to show that the funds he claimed were the proceeds of property which Westberg, the bankrupt, owned and not covered by the valid liens of the three mortgages of plaintiff which the intervener introduced in evidence. He failed to sustain this burden.

The intervener's right to the proceeds of the property sold at the auction was tried on the merits and it was found that to none of that property covered by the three chattel mortgages given by the bankrupt did intervener have any title or interest as trustee of the bankrupt estate, hence no title or interest in the proceeds of the sale—the subject of the suit. That being so, the conclusion of law was right directing a judgment dismissing the complaint in intervention. In that view it is immaterial whether the intervener's demurrer to part of defendant's answer was properly overruled, or whether there was error in refusing to permit a reply to that answer at the trial. Furthermore on the uncontradicted testimony that in December, 1922, many months before intervener served his complaint upon defendant, the latter had paid over to plaintiff all the proceeds of the sale derived from any property to which Westberg had ever had any title or interest, defendant was entitled to a dismissal of the complaint of intervention. Defendant was a mere clerk or custodian of the money received from the sale. He did not sell or convert the property.

The order is affirmed.