## CRANDALL-KATH LUMBER COMPANY v. HENRY JOHN KROENING AND OTHERS.[1]

November 12, 1926.

No. 25,438.

**Assignment of error indefinite.**

1. An assignment of error that the evidence does not sustain the findings, there being several, does not challenge any finding.

**Nothing to review in absence of any exceptions.**

2. No exceptions to rulings being noted when made or taken in the motion for a new trial, there is nothing to review on appeal.

**Finding of delivery of building material sustained.**

3. There is evidence sustaining the finding of a delivery of all the material for which a lien was claimed, even though there was error in refusing to strike from the record certain delivery slips or receipts not signed by appellants or their employes.

Appeal and Error, 3 C. J. p. 895 n. 52; p. 912 n. 95; p. 967 n. 42; p. 1374 n. 44.

Mechanics Liens, 40 C. J. p. 470 n. 63.

---

See 18 R. C. L. 988.

[1]Reported in 210 N. W. 637.

Defendant landowners appealed from a judgment in foreclosure of a mechanic's lien, Boerner, J., in the district court for Ramsey county. Affirmed.

*Frank E. McAllister* and *Thomas V. Sullivan,* for appellants.

*Arthur H. Anderson,* for respondent.

HOLT, J.

From the judgment in the foreclosure of a mechanic's lien the owners of the land appeal.

The assignments of error are: (1) "The verdict is not justified by the evidence and is contrary to law. (2) The court erred in overruling defendants' objection to the testimony of the witness Gosch. (3) The court erred in overruling defendants' objection to the admission of the so-called lumber tickets and wagon tickets as evidence of delivery and receiving the same as exhibits in the case."

There was no verdict, for the case was tried to the court, who made several findings of fact upon the issues tendered by the pleadings. Under repeated decisions, neither all nor any finding can be challenged by such an assignment of error as that of No. 1. Dun. Dig. § 361; Holford v. Crowe, 136 Minn. 20, 161 N. W. 213; Strandin v. Spreiter, 166 Minn. 396, 208 N. W. 26.

There is no merit to the second assignment of error. The brief does not refer to any place in the record where the ruling of the court is excepted to. There were a number of objections to questions put to the witness Gosch, but no exceptions were taken to the rulings at the trial, nor in the motion for a new trial, which on this point is identical with the assignment of error in this court.

The third assignment of error is directed to rulings admitting plaintiff's books of account and certain delivery slips or receipts in evidence and refusing to strike them out. The record discloses that plaintiff's method of transacting its business is this: When an order for delivery of lumber comes to its office, a clerk makes a list of the materials ordered with triplicate carbon copies. The original is sent to the yard, and as the scaler loads the material it is entered on the back of the list. This with a carbon copy goes out with the load to the building. The original is signed by the owner or his

representative on the ground, who gets the carbon copy. The original is brought back to the office and from it the entries in the ledger are made. It frequently happens that neither the owner, the contractor nor any workman is on the ground when a delivery is made, in which case the carbon copy is brought back and the original signed by the driver of the load. We understand that quite a few of these original lists of materials ordered were not signed by the owners or the builder hired by the owners. But there is evidence that the owners left the ordering of the materials to their builder, who ordered from time to time all the materials used in the construction from plaintiff; that plaintiff sent monthly statements of the same to the owners who never questioned the correctness thereof, nor ever complained of a failure to deliver all the materials ordered. This we think made sufficient proof of delivery even though certain of the delivery lists were not receipted or signed by the owners or the builder.

We think appellants have no cause for complaint. They asserted a substantial counterclaim on account of an alleged breach of guarantee of the stain in the shingles ordered and used for two gables in the building. The court found in their favor on the counterclaim to the extent of $300, a very liberal allowance under the evidence.

The judgment is affirmed.